COURT OF APPEALS
DECISION
DATED AND FILED

June 4, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP767-CR**

Cir. Ct. No. **2018CF33**

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT IV**

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

 V.

JONATHAN BILLY THOMPSON,

   DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Rock County: KARL R. HANSON, Judge. *Affirmed.*

Before Fitzpatrick, P.J., Kloppenburg and Graham, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purpose specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Jonathan Thompson appeals a judgment convicting him, following a jury trial, of theft of movable property as a repeat offender. The sole issue on appeal is whether evidence that was not disclosed to the defense until after the trial had begun should have been excluded as a penalty for violating the discovery statute. We conclude that the evidence at issue was not subject to the discovery statute because it was not in the State's possession, custody, or control, but was instead in the possession, custody, and control of a witness who was not an agent of the State.

## BACKGROUND

¶2 J.L.O. reported to police that several expensive items of jewelry had been stolen from his residence at a time when Thompson was staying there. When officers consulted the "Leads Online" database, they found information and photographs indicating that someone named "Jonathan B. Thompson" had pawned jewelry matching the description of the stolen items.

¶3 The pawn shop was owned by Richard Erdman. When interviewed, Erdman told police that he did not recall the transaction and did not think he had any records of it. On the day of trial, however, in response to the State's subpoena, Erdman brought with him two receipts showing that he had bought the described items from Thompson. The State disclosed the receipts to the defense during a recess after the first witness had already testified, just after Erdman provided them to the prosecutor.

¶4    Thompson objected to the admission of the receipts pursuant to WIS. STAT. § 971.23(7m) (2017-18)[1], as a sanction for the State's failure to disclose them during discovery.  The circuit court overruled the objection.  It concluded that the State had good cause for its nondisclosure because it did not discover the receipts until the day of trial.  Thompson now asks this court to order a new trial based upon the alleged discovery violation.

## STANDARD OF REVIEW

¶5    This court will independently determine whether a new trial is warranted based upon an alleged discovery violation.  *State v. DeLao*, 2002 WI 49, ¶¶14-15, 252 Wis. 2d 289, 643 N.W.2d 480.

## DISCUSSION

¶6    In assessing whether a new trial is warranted as a sanction for an alleged discovery violation, we must determine:  (1) whether the State violated its discovery obligations; (2) if so, whether the State has shown good cause for the violation; and (3) if not, whether the defendant was prejudiced by the admission of the nondisclosed evidence.  *Id.*  Here, we conclude that there was no discovery violation in the first instance.

¶7    The State is obligated to disclose to the defense in a timely manner any physical evidence the district attorney intends to introduce that is within the possession, custody, or control of the State.  WIS. STAT. § 971.23(1)(g).  Plainly,

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

3

the State did not have actual possession of the receipts prior to the time the witness turned them over to the prosecutor. Thompson nonetheless argues that the receipts were within the State's "control" because the State had the authority to order their production by subpoena and it should have known to do so based on the Leads Online information, in conjunction with Erdman's statutory duty to keep written records. In other words, Thompson asks us to deem the receipts to have been within the State's control because the State could have obtained them prior to trial by exercising due diligence.

¶8     Thompson cites *DeLao*, 252 Wis. 2d 289, ¶22, for the proposition that "[t]he test of whether evidence should have been disclosed is not whether in fact the prosecutor knows of its existence but, rather, whether by the exercise of due diligence the prosecutor should have discovered it." However, *DeLao* did not address what it means to "control" evidence that is in the possession of a third party. Rather, the evidence at issue in *DeLao* was possessed by an agent of the State, and the issue was whether the prosecutor could have "planned" to introduce it even though she was unaware of it prior to trial. *Id.*, ¶18.

¶9     The court in *DeLao* first noted that the State could properly be charged with knowledge of material and information in the possession and control of others "who either regularly report or with reference to the particular case have reported to the prosecutor's office." *Id.*, ¶24. It then concluded that the statutory phrase "plans to use" embodied an objective standard of what a reasonable prosecutor should have known and would have done under the circumstances of the case. *Id.*, ¶30. At no point in its discussion did the court suggest that the State has some obligation to exercise due diligence to obtain—or be deemed to have control over—items in the possession of third parties who are not agents of the

State or otherwise involved in the investigation of the case. We reject that proposition as unsupported by legal authority.

¶10    In sum, we conclude that the State satisfied its ongoing discovery obligation in this case by providing the defense with copies of the receipts within minutes of learning of their existence and gaining possession of them. Because there was no discovery violation, the circuit court did not err in admitting the receipts and Thompson has no grounds for a new trial. Accordingly, we affirm.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.